UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CATHY ANDERSON**  CIVIL NO. 12-0063

**VERSUS**

**LAKEVIEW MEDICAL CENTER, LLC d/b/a**  SECTION: G
**LAKEVIEW REGIONAL MEDICAL CENTER**

## ORDER

Before the Court is a Motion to Dismiss[1] filed by Defendant Lakeview Medical Center, L.L.C. d/b/a Lakeview Regional Medical Center ("Defendant"), in which Defendant argues that the case should be dismissed because diversity jurisdiction is lacking because the sole member of the defendant limited liability company is a citizen of Louisiana, as is Plaintiff.[2]  Plaintiff filed her opposition, arguing that Defendant provided "no documentary evidence" of this citizenship "other than [a] self-serving affidavit."[3]  In her opposition, Plaintiff admitted that Defendant had provided Plaintiff's counsel with a copy of the Operating Agreement of Lakeview Medical Center, L.L.C., which lists Notami Hospitals of Louisiana, Inc. ("Notami") as Defendant's sole member.[4]  However, Plaintiff stated that she could not safely voluntarily dismiss her complaint, particularly on the basis of a document that was not produced to the Court.[5]

---

[1] Rec. Doc. 7

[2] Rec. Doc. 7-2 at p. 2.  *See also* Rec. Doc. 1 (wherein Plaintiff alleges that she is a citizen of Louisiana).

[3] Rec. Doc. 8 at p. 1.

[4] *Id.* at p. 4.

[5] *Id.* (citing Louisiana law that "[i]nterruption [of prescription] is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time. . . .").

1

Following leave of Court, Defendant filed a reply,[6] in which Defendant attached the Operating Agreement of Lakeview Medical Center, L.L.C., listing Notami as Defendant's sole member.[7] Defendant states that Notami is a Louisiana corporation,[8] and Plaintiff has not contested this fact.[9]

Having considered the motion, the response, the reply, and the applicable law, the Court will dismiss the case without prejudice for lack of subject matter jurisdiction.

## **Law and Analysis**

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. "It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side."[10] Diverse citizenship must be present at the time the complaint is filed, and it is not affected by "subsequent changes in the citizenship of the parties."[11] The burden of proof remains on the party asserting jurisdiction,[12] and jurisdiction must be apparent on the face of the

---

[6] Rec. Doc. 13.

[7] Rec. Doc. 13-1 at pp. 2, 14.

[8] Rec. Doc. 7-2 at p. 2.

[9] *See* Rec. Doc. 8 at p. 4.

[10] *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).

[11] *Id.* at 1398-99.

[12] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

complaint.[13]  The rules requiring the party asserting jurisdiction to do so "are straightforward, and the law demands strict adherence to them."[14]

28 U.S.C. § 1332(c) provides that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."[15]  However, the diversity jurisdiction statute is silent as to the citizenship of a limited liability company.  Nonetheless, the Fifth Circuit has declared that the citizenship of a limited liability company is "determined by the citizenship of all of its members."[16]

Here, Defendant is a limited liability company with only one member – Natomi.[17]  Natomi is a corporation registered with the Louisiana Secretary of State and authorized to conduct business in Louisiana.  Therefore, under 28 U.S.C. § 1332, Natomi is a citizen of Louisiana.  Under the Fifth Circuit's test for the citizenship of a limited liability company, Defendant's citizenship is thus determined by the citizenship of Natomi; as a result, Defendant is a citizen of Louisiana.  Given that Plaintiff is also a Louisiana citizen, complete diversity is lacking.  Plaintiff has presented no other basis for jurisdiction here, and therefore this Court lacks jurisdiction to hear this case.

---

[13] *See, e.g., MacKenzie v. Local 624, Int'l Union of Operating Eng'rs*, 472 F.Supp. 1025, 1030 (5th Cir. 1979); *Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979).  *See also Kerney v. Fort Griffin Fandangle Ass'n*, 624 F.2d 717, 719 (5th Cir. 1980) (pleading party must set out basis for jurisdiction "distinctly and affirmatively").

[14] *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

[15] 28 U.S.C. § 1332(c)(1).

[16] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[17] *See* Rec. Doc 13-1 at pp. 2, 14.

**Conclusion**

Plaintiffs assert the basis for the Court's subject matter jurisdiction to be diversity pursuant to 28 U.S.C. § 1332(a)(1), but the evidence before this Court demonstrates that both Plaintiff and Defendant are citizens of Louisiana. Accordingly, complete diversity is lacking and for the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss[18] is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** to be re-filed in another forum.

**NEW ORLEANS, LOUISIANA**, this  29th  day of March, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[18] Rec. Doc. 7.